

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-14-00592-CR

Joaquin Alberto **DAVILA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 2, Webb County, Texas
Trial Court No. 2013CRB377-L2
Honorable Jesus Garza, Judge Presiding

Opinion by:     Marialyn Barnard, Justice

Sitting:          Karen Angelini, Justice
                 Marialyn Barnard, Justice
                 Rebeca C. Martinez, Justice

Delivered and Filed:  June 17, 2015

AFFIRMED

Joaquin Alberto Davila was convicted by a jury of assault, family violence.  On appeal, Davila contends the evidence is insufficient to support his conviction and the trial court erred in overruling his objections to the admissibility of Facebook messages he sent the complainant.  We affirm the trial court's judgment.

**SUFFICIENCY**

In reviewing the sufficiency of the evidence to support a criminal conviction, we view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact

could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014). "The jury is the sole judge of credibility and weight to be attached to the testimony of witnesses." *Dobbs*, 434 S.W.3d at 170. "When the record supports conflicting inferences, we presume that the jury resolved the conflicts in favor of the verdict, and we defer to that determination." *Id*.

A person commits the offense of assault against a family member if the person intentionally, knowingly, or recklessly causes bodily injury to a member of the person's family, a member of the person's household, or another person with whom the person has or has had a dating relationship. TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(2) (West Supp. 2014); TEX. FAM. CODE ANN. §§ 71.0021(b), 71.003, 71.005 (West 2014). In his brief, Davila asserts the record contains no evidence that he struck the complainant in the face with his hand.

The complainant testified that she was in the bedroom of Davila's home with her one-year-old daughter getting ready for an appointment. After her daughter fell and injured herself, Davila came to the doorway and began yelling at the complainant, calling her a bad mother. Davila then closed the door, approached the complainant, and punched her in the face. When the complainant tried to explain her daughter's fall was an accident, Davila slapped her, causing her to fall to the ground. Davila then proceeded to take the complainant's belongings and throw them outside into the yard. A home health worker who cared for Davila's grandmother offered to drive the complainant to her mother's home. Upon arriving at her mother's home, the complainant's mother observed the injury to the complainant's eye, and the complainant told her mother Davila had punched her. The complainant's mother told her to report the offense to the police. An officer arrived, observed the complainant's injury, and took the complainant's statement. The officer described the injury as a bruise underneath the complainant's left eye, and stated it was swollen,

red, and puffy like it just happened. Another officer took photographs of the complainant's injury, and the photographs were introduced into evidence.

Davila seeks to discredit the foregoing evidence based on: (1) testimony by the home health worker that she did not see any bruises on the complainant's face when she drove her to her mother's house;[1] (2) testimony by a former roommate that she had observed the complainant hit herself to cause injuries which she then blamed on an ex-boyfriend; (3) the time that elapsed before the complainant called the police during which the complainant could have inflicted her own injury; (4) the officer's failure to question the complainant's mother or the other people present at Davila's home at the time of the incident; and (5) the quality of the photographs of the complainant's injury. As previously noted, however, "[t]he jury is the sole judge of credibility and weight to be attached to the testimony of witnesses." *Dobbs*, 434 S.W.3d at 170. Accordingly, the jury could have chosen to believe the complainant's testimony, and that testimony is sufficient to support the jury's verdict.

### FACEBOOK MESSAGES

Davila also contends the trial court erred in allowing Facebook messages to be introduced into evidence. In the subheadings in his brief, Davila asserts the messages were not relevant, constituted inadmissible hearsay, and created an unfair prejudice or confused or misled the jury.

During trial, the complainant testified that five months prior to trial,[2] Davila told her she would only be able to see their daughter if she dropped the charges against him. To further support this testimony, Facebook messages posted between Davila and the complainant in February of 2014 were introduced into evidence. One message from Davila stated he was in Laredo but was

---

[1] The home health worker testified that she only saw a little of the complainant's face because she was driving. In response to whether the home health worker could see the complainant's face to see if there was a bruise, the home health worker responded, "No."

[2] The trial was held in May of 2014.

not going to allow the complainant to see their child. After a debate over the translation of a second message, defense counsel's translation was adopted by the court. That message stated, "I complied with mine and you can comply with yours. You do not want to talk about the case in respect to our child, and thank you, let's go to the court."

A.      Standard of Review

We review a trial court's ruling on admissibility of evidence for an abuse of discretion. *Salazar v. State*, 38 S.W.3d 141, 153 (Tex. Crim. App. 2001). We will uphold the trial court's decision unless it is within the zone of reasonable disagreement. *Id*. at 153-54.

B.      Relevancy

Evidence is relevant if it has any tendency to make a fact of consequence in determining the action more or less probable than it would be without the evidence. TEX. R. EVID. 401. Evidence of efforts to influence or affect a witness's testimony or threats or coercion towards a witness is evidence of consciousness of guilt. *See Wilson v. State*, 7 S.W.3d 136, 141 (Tex. Crim. App. 1999); *Johnson v. State*, 425 S.W.3d 344, 346 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd); *Cueva v. State*, 339 S.W.3d 839, 882 (Tex. App.—Corpus Christi 2011, pet. ref'd); *Greene v. State*, 928 S.W.2d 119, 123 (Tex. App.—San Antonio 1996, no pet.). The first message shows that Davila refused to allow the complainant to visit their child on certain occasions; therefore, this message is relevant to support the complainant's testimony that Davila was trying to influence her regarding the charges against him. Even if we assume the second message was not relevant given its vague reference to "the case," the record does not establish how Davila was harmed by the admission of the second message in view of the complainant's testimony and the admissibility of the first message. *See Infante v. State*, 404 S.W.3d 656, 663 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (noting admission of inadmissible evidence is harmless if other evidence proving same fact is properly admitted elsewhere).

C.  Hearsay

With regard to Davila's hearsay objection, Texas Rule of Evidence 801(e)(2)(A) "plainly and unequivocally states that a criminal defendant's own statements, when being offered against him, are not hearsay." *Trevino v. State*, 991 S.W.2d 849, 853 (Tex. Crim. App. 1999); *see also Williams v. State*, 402 S.W.3d 425, 438 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) ("party's own statements, when offered against him, are not hearsay and are admissible").  Because the Facebook messages were posted by Davila, the trial court properly overruled Davila's hearsay objection.

D.  Prejudice

Rule 403 of the Texas Rules of Evidence provides that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.  TEX. R. EVID. 403.  "A proper Rule 403 analysis includes, but is not limited to, the following factors: (1) the probative value of the evidence; (2) the potential to impress the jury in some irrational, yet indelible, way; (3) the time needed to develop the evidence; and (4) the proponent's need for the evidence." *Prible v. State*, 175 S.W.3d 724, 733 (Tex. Crim. App. 2005).  As previously noted, the Facebook messages were probative of Davila's consciousness of guilt.  The record reveals little time was needed to develop the evidence, and the Facebook messages were necessary to support the complainant's testimony regarding Davila's withholding of visitation in an effort to influence the complainant regarding the pending charges.  Finally, the trial court did not abuse its discretion in determining the messages did not have the potential to impress the jury in some irrational way, especially given the complainant's testimony and the vague nature of the second message.  Therefore, the trial court did not abuse its discretion in overruling Davila's Rule 403 objection.

## CONCLUSION

The trial court's judgment is affirmed.

Marialyn Barnard, Justice

DO NOT PUBLISH